[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10326
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00524-JDW-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON SHAYRON HERNANDEZ,
a.k.a. Blue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 21, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Anton Shayron Hernandez appeals after a jury convicted him on three counts

of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §

841(a)(1). On appeal, Hernandez argues that: (1) the court erred in denying his Federal Rule of Criminal Procedure 29 motion for acquittal because the evidence presented was insufficient to sustain his convictions; and (2) the district court abused its discretion and violated his due process rights when it denied his application for authorization of funds to obtain an expert mental health evaluation for mitigation purposes at sentencing. After careful review, we affirm.

We review de novo the district court's denial of a Rule 29 motion. United States v. Vernon, 723 F.3d 1234, 1266 (11th Cir. 2013). In doing so, we view the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in favor of the jury's verdict. Id. If a reasonable jury could have found the defendant guilty beyond a reasonable doubt, then we will not overturn the jury's determination. Id. Importantly, to the extent that an appellant's argument "depends upon challenges to the credibility of witnesses, the jury has exclusive province over that determination and [we] may not revisit the question." United States v. Emmanuel, 565 F.3d 1324, 1334 (11th Cir. 2009). A district court's decision to grant or deny an application for funding of expert services is reviewed only for abuse of discretion. See United States v. Rinchack, 820 F.2d 1557, 1563 (11th Cir. 1987). Constitutional challenges, as well as whether appellants have standing to bring suit, are generally reviewed de novo.

See United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008); Wilson v. State Bar of Ga., 132 F.3d 1422, 1427 (11th Cir. 1998).

First, we are unpersuaded by Hernandez's argument that the district court erred in denying his Rule 29 motion for acquittal. To convict a person of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government is required to prove three elements: "(1) knowledge; (2) possession; and (3) intent to distribute." United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). Hernandez appears to challenge the sufficiency of the evidence with respect to each element.

In this case, the district court did not err in denying Hernandez's Rule 29 motion for a judgment of acquittal. Although styled generally as a complaint regarding the sufficiency of the evidence presented against him at trial, the details of Hernandez's argument make clear that his appeal is limited solely to an attack on the credibility of the government's witnesses -- specifically, the law enforcement officers involved in the events underlying the charged offenses. Because questions of witness credibility are the "exclusive province" of the jury, however, we will not entertain challenges in that regard on appeal. Emmanuel, 565 F.3d at 1334. Thus, putting the issue of witness credibility aside and construing the trial testimony and other evidence in favor of the jury's verdict, as we are required to do, Hernandez's convictions must be upheld. See Vernon, 723

3

F.3d at 1266.  To illustrate, five separate officers testified at trial about three distinct encounters with Hernandez, during which they collectively witnessed his personal involvement in illicit drug transactions and accompanying possession of crack cocaine.  Indeed, Hernandez even concedes on appeal that the officers "certainly testified to events that support[ed] a conviction" on each count in the indictment.  In short, the evidence construed in favor of the verdict supports Hernandez's convictions, and the district court did not err in denying his motion.

We also reject Hernandez's claim that denied his application for authorization of funds to obtain an expert mental health evaluation.  As an initial matter, litigants must always establish their standing to proceed in court -- not only to bring claims, but also to appeal judgments.  Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.").  Regarding appellate standing, only a litigant "who is aggrieved by [a] judgment or order may appeal."  Knight v. Alabama, 14 F.3d 1534, 1556 (11th Cir. 1994) (quotations omitted).

Under 18 U.S.C. § 3006A(e), the court must authorize expert services with accompanying funding when the defendant successfully demonstrates that (1) he is financially unable to obtain such services, and (2) the services are "necessary for adequate representation."  Moreover, if a defendant demonstrates to the trial judge

4

that his sanity at the time of the offense will be a significant factor at trial, constitutional due process further requires that "the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." Ake v. Oklahoma, 470 U.S. 68, 83-84 (1985).

To begin with, it appears that Hernandez does not have standing to challenge the district court's disposition of his ex parte application for funds to retain expert services because the court resolved the application in his favor. See Knight, 14 F.3d at 1556. Contrary to Hernandez's account, the court actually found that "expert services [were] necessary for adequate representation," and granted his application. Moreover, although the court limited the authorization of funds to $1,500 -- i.e., $500 less than the $2,000 Hernandez ultimately requested -- Hernandez does not take issue on appeal with the amount of the court's award. Rather, he challenges only what he seems to mistakenly construe as a denial of his application. Thus, because there was no denial of his request, he was not aggrieved by the court's order and may not appeal. See id.

In any case, to the extent that Hernandez implicitly challenges the amount of the court's authorization, he has failed to show that the court abused its discretion or violated his due process rights in that regard. Hernandez has not shown that the court's $1,500 award was insufficient to retain the desired expert services, and

nothing in the record suggests that was the case. Nor is there any indication that the State otherwise denied Hernandez access to a mental health expert during the proceedings. Therefore, to the extent that Hernandez has standing to appeal the district court's order, we affirm.

**AFFIRMED.**