[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13468
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00283-CG-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE PERRIER,
a.k.a. Christopher Nathan,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 26, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lawrence Perrier appeals his convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Perrier argues that the government presented insufficient evidence to establish that he knowingly possessed either the firearms or the marijuana found in the vehicle he was driving. He also contends that the district court abused its discretion by admitting evidence of a prior conviction under Rule 404(b), Fed. R. Evid., to establish his knowledge of the firearms in this case. After careful consideration, we affirm in part and vacate and remand in part.

## I.

Perrier was driving a rented vehicle on Interstate 10 in Mobile County, Alabama, when he was pulled over for failure to maintain a lane by Lieutenant Richard Cayton of the Mobile County Sheriff's Office. Perrier's cousin Randy was in the passenger seat. When Randy rolled down the window upon Cayton's approach, Cayton smelled a strong odor of marijuana coming from the car.

In response to Cayton's questions, Perrier stated that the car had been rented in someone else's name, that he had previously been arrested, and that his license was located in some clothing stored in the trunk of the car. Cayton believed that Perrier and Randy were acting nervous and avoiding eye contact, so he asked Perrier to step out of the car.

Cayton called for back-up and returned to his patrol car. After exiting the car, Perrier walked to the back of the car and opened the trunk. The trunk opened approximately 18 inches before Cayton rushed over and slammed it shut. While the trunk was open, Cayton saw what appeared to be the butt of a gun and a "freezer machine," or vacuum sealer, which can be used to package marijuana to conceal its scent.

Eventually, the car was searched for drugs based on a drug dog alert. In the trunk, officers found the vacuum sealer and two bags, one black and one red, which contained contraband. In the partially open black bag, officers found some clothing and two loaded handguns. In the red bag, officers found a vacuum-sealed plastic bag containing 440 grams of marijuana, a magazine for ammunition, two mason jars, a set of digital scales, and a box of plastic baggies. In the passenger compartment of the vehicle, officers found three receipts for money orders in amounts of approximately $2,000 each, a receipt for a package mailed to Sacramento, California, a receipt for the rental car in the name of David Fergusson, a roll of cash totaling around $3,000, and several prepaid debit cars.

## II.

In a superseding indictment, Perrier was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 1"), and

3

possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count 2").  Perrier entered a plea of not guilty to both counts.

The day before trial, Perrier filed a motion *in limine* to exclude from evidence three prior convictions, including a Louisiana state conviction for Felon in Possession of a Firearm to which he pled guilty in March 1992.[1]  Perrier contended that the prior firearm offense, based on conduct in November 1991, was not admissible under Rule 404(b), Fed. R. Evid., because it was irrelevant and too remote to be probative of the instant offenses, which occurred in December 2013.

The district court addressed the motion *in limine* immediately before the jury was sworn.  The government contended that Perrier's prior conviction for possessing a firearm was admissible to show intent and knowledge, which were at issue because Perrier had pled not guilty.  The court agreed that the prior firearm-possession conviction was relevant to intent and admissible under Rule 404(b).

After Cayton and other officers testified about the traffic stop and search of the rental car, the government moved to admit Perrier's 1992 firearm-possession conviction under Rule 404(b).  Over Perrier's objection that the conviction was unduly prejudicial and "way too old," the district court admitted a certified copy of the conviction, which was then read before the jury.

---

[1] The district court ultimately excluded the other two convictions from trial.

4

After the government rested its case in chief, Perrier moved for a judgment of acquittal on both counts under Rule 29, Fed. R. Crim. P. The district court denied the motion, and Perrier rested without presenting any witnesses or testifying. In rebuttal closing arguments, in response to defense counsel's arguments that the government had not proved Perrier's knowing possession, the prosecutor cited the 1992 firearm-possession conviction as evidence of Perrier's intent, highlighting "[t]hat the defendant previously was convicted of this exact same crime."

The jury deliberated for an hour and a half before reporting a stalemate on Count 1 (felon-in-possession offense) and a unanimous verdict on Count 2 (marijuana offense). The district court sent the jury home for the evening with instructions to come back in the morning and continue deliberations. The jury resumed deliberations the following morning and, after a little more than an hour, returned a unanimous guilty verdict on both counts. The district court sentenced Perrier to concurrent terms of imprisonment of 262 months on Count 1 and 60 months on Count 2.

On appeal, Perrier argues that the district court abused its discretion by admitting the extrinsic offense evidence under Rule 404(b). He also challenges the sufficiency of the evidence to support his convictions.

**III.**

5

We review a district court's admission of evidence under Rule 404(b) for an abuse of discretion.  *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (*en banc*); *United States v. Sterling*, 738 F.3d 228, 234 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 2682 (2014).  A court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  *United States v. Baker,* 432 F.3d 1189, 1202 (11th Cir. 2005).

We review *de novo* whether there is sufficient evidence to support a jury verdict, "viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict."  *Sterling,* 738 F.3d at 234 (internal quotation marks omitted).  We will uphold a conviction as supported by sufficient evidence "if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt."  *United States v. Jiminez,* 564 F.3d 1280, 1284-85 (11th Cir. 2009) (internal quotation marks omitted).

## IV.

### A.  Rule 404(b) Evidence

Perrier contends that his 1992 firearm-possession conviction was not relevant to or probative of his knowledge in this case.  Further, Perrier asserts, any minimal probative value the conviction had was substantially outweighed by unfair

prejudice, given the age of the conviction and the absence of any evidence showing that the circumstances of the prior offense were similar to the instant offense.  The government responds that the prior conviction was critical to showing Perrier's knowing possession, which was the central issue at trial, and that any error in admitting the conviction was harmless.

Rule 404(b) prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  Other crimes evidence may be admissible, however, for other purposes, such as to prove intent, knowledge, or absence of mistake or accident.  *Id.*  We have explained that "Rule 404(b) is one of inclusion which allows extrinsic evidence unless it tends to prove only criminal propensity."  *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (internal quotation marks omitted).

This Circuit applies a three-part test for determining the admissibility of evidence under Rule 404(b).  *United States v. Jernigan,* 341 F.3d 1273, 1280 (11th Cir. 2003).  "First, the evidence must be relevant to an issue other than the defendant's character."  *Id.* (quoting *Miller*, 959 F.2d at 1538).  Second, "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act."  *Id.*  "Third, the evidence must possess probative value that is not

substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *Id.*; *see* Fed. R. Evid. 403.

The first prong is met in this case. We have found that there is a "logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *Jernigan*, 341 F.3d at 1281. Thus, "the fact that [Perrier] knowingly possessed a firearm . . . on a previous occasion makes it more likely that he knowingly did so this time as well." *Id.* at 1282 (emphasis omitted). Moreover, when a defendant does not admit or stipulate to knowingly and intentionally possessing a firearm as a felon, the government may seek to admit evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense. *United States v. Taylor,* 417 F.3d 1176, 1182 (11th Cir. 2005). Perrier's arguments to the contrary on these points are unavailing.

The second prong also is satisfied. At trial, the government introduced a certified copy of Perrier's prior conviction, which is sufficient proof that Perrier committed the prior act. *Jernigan*, 341 F.3d at 1282.

That leaves the third prong: whether the probative value of the extrinsic offense was substantially outweighed by unfair prejudice. "Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant, and may

entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again." *Sterling*, 738 F.3d at 238 (internal quotation marks omitted). Thus, the third prong of the test calls for balancing "the incremental probity of the evidence . . . against its potential for undue prejudice." *Id.* (quoting *Beechum*, 582 F.2d at 914).

In making this determination, courts should conduct a common-sense assessment of the circumstances of the extrinsic offense, "including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (citing *United States v. Beechum,* 582 F.2d 898, 914-15 (5th Cir. 1978) (*en banc*)[2]).

Here, the evidence was important to the government's case. Perrier's knowing possession of the firearms was the only § 922(g)(1) element at issue, and the government's other evidence of Perrier's intent was circumstantial—requiring the jury to infer knowing possession based on Perrier's presence in the car where the guns were found. In addition, although we do not know the underlying facts of the extrinsic offense, it is clearly similar enough under our precedent to be probative of Perrier's knowledge in this case. *See Jernigan*, 341 F.3d at 1281-82; *see also United States v. Delgado,* 56 F.3d 1357, 1366 (11th Cir. 1995) ("[W]hen

---

[2] We are bound by all former Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

other crimes evidence goes to intent rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required.").

However, "temporal remoteness depreciates the probity of the extrinsic evidence." *Beechum*, 582 F.2d at 915. Thus, a conviction may be "too remote for proper consideration." *Calderon*, 127 F.3d at 1332; *see, e.g.*, *United States v. Carter*, 516 F.2d 431, 434-35 (5th Cir. 1975) (ten-year gap rendered extrinsic offense evidence too remote to be probative); *United States v. San Martin*, 505 F.2d 918, 922-23 (5th Cir. 1974) (nine- and ten-year old offenses too remote to be probative). But we have not adopted a bright-line rule for when a conviction is too old to be admissible because the determination is very fact specific. *United States v. Matthews,* 431 F.3d 1296, 1311 (11th Cir. 2005). Generally, an "appellant bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." *Id.* (internal quotation marks omitted).

Under the specific circumstances of this case, we conclude that the district court abused its discretion in admitting evidence of this particular 22-year-old prior offense. Despite its importance to the government's case, the probative value of the extrinsic offense evidence was substantially diminished by the passage of time. *See Beechum*, 582 F.2d at 915; *Carter*, 516 F.2d at 435. The age of the prior offense in this case is similar to that in *Sanders*, where we held that the district

court abused its discretion in admitting a 22-year-old conviction under Rule 404(b). *Sanders*, 668 F.3d at 1315. Here, as in *Sanders*, the prior offense "is nearly fifty percent older than the oldest conviction we have previously allowed." *Id.*; *see United States v. Lampley,* 68 F.3d 1296, 1300 (11th Cir. 1995) (holding that a 15-year-old drug conviction was not so remote that it lacked any probative value to show the defendant's intent to traffic cocaine); *see also Sterling*, 738 F.3d at 239 (15-year period not too remote where the defendants were incarcerated until approximately seven years before the offense at issue). We also note that Perrier appears to have been 20 years old at the time of the prior conviction, which further reduces the probative value of the extrinsic offense. *See San Martin*, 505 F.2d at 922-23 (concerning prior offenses that occurred when the defendant was 17 or 18 years old, and stating that "convictions during the defendant's younger years cannot logically be probative of intent in acts committed a decade later").

The government correctly points out that this case is different from *Sanders* in that the prior conviction in *Sanders* was not only remote but also dissimilar. In *Sanders*, the district court admitted evidence of a prior conviction for selling 1.4 grams of marijuana, whereas Sanders was on trial for a 153-kilogram cocaine-trafficking conspiracy. *Sanders*, 668 F.3d at 1313-15. We found that the prior conviction had little if any probative value due to both remoteness and

dissimilarity. *Id.* at 1315. Here, by contrast, Perrier's prior conviction is remote but similar to the instant offense.

Nonetheless, we do not find the government's distinction from *Sanders* persuasive in this case because, while probity increases with similarity, "[i]t is true as well that the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant." *Beechum*, 582 F.2d at 915 n.20; *cf. Sanders*, 668 F.3d at 1315 ("[T]he remoteness and dissimilarity of the prior conviction not only decreases the probative value to show intent but also diminishes the potential for unfair prejudice."). Because the age of the prior offense considerably diminished its probative value, and given that the government's evidence with respect to Perrier's knowledge was not strong, the similarity of offenses may have simply "entice[d] the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again." *Sterling*, 738 F.3d at 238. Indeed, the government may have inadvertently suggested that the jury draw this inference by commenting "[t]hat the defendant previously was convicted of this exact same crime."[3]

---

[3]    Although the district court gave limiting instructions to the jury on the use of the extrinsic evidence, *see United States v. Duran*, 596 F.3d 1283, 1298 (11th Cir. 2010) (noting that jury instructions may limit unfair prejudice), we do not find the instructions sufficient to dispel the prejudice in this case. Notably, the court did not instruct the jury on the limited use of such evidence at the time the evidence was admitted, and the government put on additional witnesses after introducing the evidence. In addition, the limiting instruction did not advise the jury that it could consider the age of the prior act in determining whether it was probative of intent. Although the instruction given was, understandably, the Eleventh Circuit Pattern Jury

12

In sum, we conclude, under the specific circumstances of this case, that the district court abused its discretion by implicitly determining that the probative value of Perrier's firearm-possession conviction was not substantially outweighed by unfair prejudice.[4]

Nonetheless, we review evidentiary errors for harmless error. *United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010). The government bears the burden of showing that an error was harmless. *Id.* An error is harmless unless it affected the defendant's substantial rights. *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999). Therefore, "[w]e need not reverse [Perrier's] conviction if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* (internal quotation marks omitted); *see Phaknikone*, 605 F.3d at 1109 (reversal is not warranted unless there is a "substantial and injurious effect" on the jury verdict). We review the entire record in determining harmlessness. *Phaknikone*, 605 F.3d at 1109.

To sustain a conviction for a violation § 922(g)(1), the government must have proved that (1) the defendant was a convicted felon, (2) he knowingly

---

Instruction, under the specific circumstances here, where the conviction was 22 years old and Perrier had specifically objected to its admission on that basis, and the age of the prior conviction affected its probative value, we conclude that some additional instruction would have been advisable.

[4] The district court did not make specific findings balancing probative value and prejudice under Rule 403, but, given that it responded to and rejected Perrier's arguments on these points, we conclude that the court implicitly conducted the requisite balancing.

13

possessed a firearm, and (3) the firearm was in or affected interstate commerce. *United States v. Howard,* 742 F.3d 1334, 1341 (11th Cir. 2014). Perrier stipulated to the convicted-felon and interstate-nexus elements, leaving only whether Perrier knowingly possessed the firearms found in the trunk of the rental car. "To prove knowing possession, the government need only show constructive possession through direct or circumstantial evidence." *Id.* (internal quotation marks omitted).

Here, the government has not shown that the error was harmless. While the evidence may have been sufficient to support a guilty verdict without admission of the prior conviction, the evidence was not overwhelming. *See Phaknikone*, 605 F.3d at 1109-11 (finding an evidentiary harmless where there was overwhelming evidence of guilty). And "[a]n error may substantially influence an outcome and thus warrant reversal even if the evidence, had no error occurred, would have been sufficient to support the conviction." *Hands*, 184 F.3d at 1329.

Under the circumstances, we conclude that the error had a substantial and injurious influence on the outcome of the jury verdict. *See id.* Notably, despite contending that any error was harmless, the government asserts in its appellate brief that the extrinsic offense evidence was "critical" (or "vital") to establishing Perrier's knowledge of the firearms, the only element in dispute. The jury's actions likewise indicate that the other evidence of Perrier's knowledge was not strong. Specifically, after deliberating for an hour and a half, the jury reported a

14

stalemate on Count 1 (felon-in-possession offense), but a unanimous verdict on Count 2 (marijuana offense). Thus, the admission of the prior firearm-offense may have substantially influenced the outcome of their eventual verdict. In these circumstances, we cannot say that the error was harmless.

Accordingly, we vacate Perrier's conviction on Count 1 for possession of a firearms as a felon, in violation of 18 U.S.C. § 922(g)(1), and we remand for further proceedings consistent with this opinion. Therefore, we do not address whether sufficient evidence supported this conviction.

## B. Sufficiency of the Evidence

Perrier also argues that insufficient evidence supported the conclusion that he knew of the marijuana in the trunk of the rental car. The evidence, Perrier contends, did not show that he exercised dominion and control over the vehicle, and no physical evidence linked him to the drugs.

"To convict a person of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), the government is required to prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Hernandez,* 743 F.3d 812, 814 (11th Cir. 2014) (citation and quotation omitted). "All three elements can be proven by either direct or circumstantial evidence." *United States v. Poole,* 878 F.2d 1389, 1391-92 (11th Cir. 1989). Possession may be actual or constructive. "Constructive possession need not be

exclusive, and can be proven circumstantially by ownership, dominion, or control over the premises on which the substance is located." *Id.* at 1392 (citation omitted). Moreover, intent to distribute can be proven circumstantially from the existence of equipment, such as scales, commonly used in connection with the distribution of drugs. *Id.*

The evidence presented at trial was sufficient to support a conviction for possession of marijuana with intent to distribute. The jury could have reasonably inferred that Perrier had knowledge of the marijuana based on the fact that the car smelled strongly of marijuana. Perrier also had control over the vehicle in which the drugs were concealed, as evidenced by his driving of the car, his access to the trunk, and his statement that his driver's license was in the trunk, where the marijuana was located. *See Poole*, 878 F.2d at 1392. In addition, the quantity of the drugs (440 grams of marijuana), along with the discovered firearms, magazines, vacuum sealer, scales, cash, prepaid debit cards, money orders, receipt for a package to California, and a car rented in someone else's name, were sufficient circumstantial evidence that Perrier possessed the marijuana with intent to distribute. *See id.* The government also presented expert testimony explaining how these items were connected to drug trafficking. Accordingly, we affirm Perrier's conviction for possessing marijuana with intent to distribute.

**V.**

16

In sum, the district court abused its discretion by admitting Perrier's 1992 conviction for possessing a firearm as a convicted felon, and the error was not harmless. Therefore, we vacate his conviction on Count 1 and remand for further proceedings. We affirm Perrier's conviction on Count 2.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**.