[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10759
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00278-SDM-JSS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON WILLIAMS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 10, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Williams appeals his conviction for unlawful possession of a firearm with ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Williams challenges the district court's denial of his motions (1) for judgment of acquittal based on the insufficiency of the evidence and (2) to strike the jury venire panel based on comments that the court made during *voir dire*.  After careful review, we affirm.

## I

Late one night, several Manatee County deputies responded to a 911 call reporting a suspicious vehicle parked outside a home in Bradenton, Florida.  When they arrived at the scene, the deputies found (in or near the car) Williams and two other individuals, along with heroin, drug paraphernalia, and a loaded .40-caliber gun.  Williams was arrested and charged with one count of unlawful possession of a firearm with ammunition and one count of possession with intent to distribute heroin.  Williams pleaded not guilty and the case proceeded to trial where he was convicted on both counts.

On appeal, Williams asserts that the district court erred by denying his motions (1) for judgment of acquittal based on the insufficiency of the evidence, and (2) to strike the jury venire panel based on an allegedly prejudicial comment that the district court made during *voir dire*.  We consider these arguments in turn.

2

## II

Williams first contends that the district court erred in denying his motion for judgment of acquittal because, he says, the government failed to present sufficient evidence to sustain convictions as to both counts—(1) unlawful possession of a firearm and (2) possession with intent to distribute heroin.  We review the district court's denial of a motion for judgment of acquittal *de novo*.  *United States v. Louis*, 861 F.3d 1330, 1333 (11th Cir. 2017).  In determining whether evidence is sufficient to sustain a criminal conviction, we view the evidence—whether direct or circumstantial—in the light most favorable to the government and draw all reasonable factual inferences in favor of the jury's verdict.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009); *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004).  Evidence is sufficient if a reasonable trier of fact could determine that it established the defendant's guilt beyond a reasonable doubt.  *Jiminez*, 564 F.3d at 1284–85.  It is not enough for a defendant to put forth a reasonable hypothesis of innocence, as the issue is not whether a jury reasonably could have acquitted, but rather whether a jury reasonably could have convicted.  *Id.* at 1285.

### A

To convict a defendant of unlawful possession of a firearm, the government must show (1) that he had knowing possession of a firearm; (2) that he was

previously convicted of an offense punishable by a term of imprisonment exceeding one year; and (3) that the firearm was in or affecting interstate commerce. *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008); *see* 18 U.S.C. § 922(g)(1).

Here, Williams challenges the sufficiency of the evidence supporting the "possession" element of his firearm conviction. Specifically, Williams contends that conflicting testimony failed to establish that he—and not one of the other passengers in the car—was the individual in possession of the firearm. But viewing the evidence in the light most favorable to the government and the jury's verdict, the testimony at trial established (1) that the front-seat passenger had a gun, (2) that the front-seat passenger threw an object out of the vehicle, (3) that police recovered a gun in the area where the object was thrown, and (4) that Williams was the front-seat passenger. This evidence, taken together, was sufficient for a jury to conclude that Williams had knowing possession of the firearm. *See Jiminez*, 564 F.3d at 1284–85.

**B**

To convict a person of possession with intent to distribute a controlled substance, the government must prove (1) knowledge, (2) possession, and (3) intent to distribute. *United States v. Hernandez*, 743 F.3d 812, 814 (11th Cir. 2014) (*per curiam*); *see* 21 U.S.C. § 841(a)(1). "All three elements can be proven

by either direct or circumstantial evidence." *United States v. Poole*, 878 F.2d 1389, 1391–92 (11th Cir. 1989).

As to his intent-to-distribute-heroin conviction, Williams challenges the sufficiency of the evidence used to support the "possession" and "intent-to-distribute" elements. But viewing the evidence in the light most favorable to the government and the jury's verdict, the testimony at trial established (1) that heroin was found in the plastic bags located on Williams's person and in front of the car, (2) that drug paraphernalia (with heroin residue) typically associated with heroin distribution was found in the car, and (3) that Williams was a heroin dealer and not a heroin user. Although Williams argues that some witness testimony was inconsistent with other evidence and that the government's "jailhouse" witness had reason to fabricate his story because he was afforded leniency in exchange for useful testimony, we cannot revisit the witness testimony in this case because it was not "incredible as a matter of law"—*i.e.*, "unbelievable on its face." *United States v. Feliciano*, 761 F.3d 1202, 1206 (11th Cir. 2014). A conviction must be upheld unless the jury could not have found the defendant guilty under *any* reasonable construction of the evidence. *Id.* That is simply not the case here.

\*   \*   \*

The evidence presented here—as to both counts—established reasonable inferences supporting the government's case that could lead a reasonable trier of

5

fact to determine that Williams was guilty beyond a reasonable doubt.  *See Jiminez*, 564 F.3d at 1284–85; *see also Williams,* 390 F.3d at 1324.  Therefore, the district court did not err in denying Williams's motion for judgment of acquittal based on insufficient evidence.

## III

Williams also contends that the district court erred in denying his motion to strike the jury panel on the ground that the court's comment during *voir dire* that "we all" "oppose theft in the middle of the night" was prejudicial in light of potential witness testimony suggesting suspicion that a burglary was going to occur on the night of the crime.  Although Williams was not charged with burglary—and indeed, no evidence suggesting suspicion of burglary was ever actually presented at trial—Williams contends that the court's statements communicated to the jurors that he should be punished for a purported intent to commit burglary, thereby depriving him of his ability to receive a fair and impartial jury.

We review the district court's determination whether to strike an entire jury panel for a manifest abuse of discretion.  *United States v. Trujillo*, 146 F.3d 838, 842 (11th Cir. 1998).  A district court's comments are not grounds for reversal of a conviction unless they are so prejudicial as to amount to the denial of a fair trial.  *United States v. House*, 684 F.3d 1173, 1208 (11th Cir. 2012).  Single, isolated comments are often insufficient to establish prejudice.  *Id.*  Rather, a "clear effect

6

on the jury is required to reverse for comment by the trial judge." *Palma*, 511 F.3d at 1317 (quotation marks omitted).  Moreover, a prejudicial comment may be rendered harmless by curative instructions to the jury, and a jury is presumed to follow instructions.  *See United States v. Almanzar*, 634 F.3d 1214, 1223 (11th Cir. 2011).

Here, the district court's comment regarding "theft in the middle of the night" was not so prejudicial as to amount to the denial of a fair trial.  *See House*, 684 F.3d at 1208.  Not only does this case not involve theft, but any prejudicial effect that could have come from the district court's single, isolated comment was cured by the court's instruction that the jury should disregard any of the court's comments other than instructions about the law.  *See id.*; *Almanzar*, 634 F.3d at 1223.  Because we presume that jurors follow instructions, we must conclude that there was no prejudicial effect on the jury and that the district court did not manifestly abuse its discretion in denying Williams's motion to strike the jury venire panel.  *See Almanzar*, 634 F.3d at 1223.

## IV

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**