[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15237
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cr-00201-LSC-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN HERNANDEZ PORTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 8, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Adrian Hernandez Portillo appeals his convictions for conspiracy to possess with intent to distribute cocaine and morphine and possession with intent to distribute cocaine and morphine.  He argues that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence from which a reasonable jury could find that he knew about the cocaine and morphine in the intake manifold of the pickup truck in which he was a passenger or that he knowingly entered a conspiracy.  After careful review, we affirm.

## I.    BACKGROUND

A grand jury charged Portillo with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing morphine, in violation of 21 U.S.C. § 846, possession with intent to distribute five kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession with intent to distribute a mixture and substance containing morphine, in violation of 21 U.S.C. §  841(a)(1), (b)(1)(B).[1]  Portillo pled not guilty and proceeded to a jury trial.

At trial, the government offered testimony from Ken Delaney, a law enforcement officer who conducted a traffic stop on a Toyota Tundra pickup truck

---

[1] Because we write for the parties, we recount only the facts necessary to decide this appeal.

2

on an Alabama interstate.  Portillo was the passenger in the truck.  Delaney questioned Portillo and the driver, Eduardo Mendez Hernandez, both of whom appeared nervous and gave inconsistent stories about the truck and their relationship to one another.  Portillo told Delaney that the truck was his. Hernandez and Portillo consented to a search of the truck.  Delaney and a partner found three packages concealed in a compartment inside the truck's intake manifold.

Drug Enforcement Administration Special Agent Joshua Moore testified that the contents of the packages tested positive for cocaine and morphine, with a total street value of at least $700,000.  Moore also testified that in his training and experience it would not make sense for a drug trafficking organization to transport such a high-value quantity of drugs via someone who did not know of the drugs' existence.  A Department of Homeland Security border patrol agent testified that the Toyota Tundra had crossed the border from Mexico to the United States the day before Delaney conducted the traffic stop.  Based on photographs of the truck and entry documents, Portillo was the only person in the truck at the border.

At the close of the government's case, Portillo moved for a judgment of acquittal, arguing that the government had offered insufficient evidence that he had knowledge of the drugs or a plan to possess with intent to distribute them.  The district court denied the motion.

Portillo testified in his own defense.  He testified that he owned a private security business in Mexico.  According to Portillo, he and "Maria," the wife of a colleague, drove her Toyota Tundra across the border to the United States because they both had business meetings scheduled in Houston, Texas.  Portillo testified that the truck belonged to Maria.  Maria's meeting was moved to Dallas, so the two drove to Dallas, where they picked up Hernandez.  Portillo testified that he had never met Hernandez.  Although Portillo had planned to travel from Dallas directly to Houston, Hernandez invited Portillo to travel with him to Atlanta.  Portillo, whose meeting was not for a few more days, agreed, and Hernandez thereafter drove the truck.  Portillo explained that at some point after picking up Hernandez, Maria got out of the truck and he never saw her again, even though he and Hernandez continued on in her truck.  Portillo testified that he did not know there were drugs in the truck and never had a conversation with anyone about selling drugs before getting in the truck.

The government recalled Moore, who testified that months before the traffic stop Hernandez crossed the border in the same Toyota Tundra pickup truck as was involved in the stop.

Portillo renewed his motion for judgment of acquittal, arguing again that the government had failed to demonstrate his knowledge of the conspiracy or the

4

underlying substantive offenses.  The district court denied the motion, and the jury convicted Portillo on all three counts.

This is Portillo's appeal.

## II.    STANDARD OF REVIEW

We review the district court's denial of a motion for judgment of acquittal *de novo*.  *United States v. Louis*, 861 F.3d 1330, 1333 (11th Cir. 2017).  In determining whether the evidence was sufficient to sustain a criminal conviction, we "view the evidence in the light most favorable to the government, and draw all reasonable factual inferences in favor of the jury's verdict."  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  Evidence of guilt is sufficient to sustain a conviction if a reasonable trier of fact could determine that it established the defendant's guilt beyond a reasonable doubt.  *Id.* at 1284-85.

The jury has exclusive province over the credibility of witnesses, and in conducting a sufficiency review, we will not revisit the question of witness credibility unless the testimony is "incredible as a matter of law."  *United States v. Feliciano*, 761 F.3d 1202, 1206 (11th Cir. 2014) (internal quotation marks omitted).  When a defendant testifies in his own defense, the jury may disbelieve his testimony, and the defendant's own statements "may be considered as *substantive evidence* of the defendant's guilt."  *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).  "At least where some corroborative evidence of guilt

5

exists for the charged offense . . . and the defendant takes the stand in his own defense, the defendant's testimony, denying guilt, may establish, by itself, elements of the offense." *Id.* at 314-15. This rule applies with "special force" when the government must prove "highly subjective elements," such as the defendant's intent or knowledge. *Id.* at 315.

### III.    DISCUSSION

On appeal Portillo argues that the government presented insufficient evidence upon which the jury could conclude that Portillo knew about the cocaine and morphine hidden in the truck's intake manifold or that he knowingly engaged in a conspiracy to possess with intent to distribute those drugs. Viewing the evidence in the light most favorable to the jury's verdict, we disagree.

To convict a person of conspiracy, "the evidence must show (1) that a conspiracy existed, (2) that the defendant knew of it, and (3) that the defendant, with knowledge, voluntarily joined it." *United States v. Perez-Tosta*, 36 F.3d 1552, 1557 (11th Cir. 1994); *see* 21 U.S.C. § 846. "[D]irect evidence of the elements of a conspiracy is not required. A defendant's knowing participation in the conspiracy may be established through proof of surrounding circumstances, such as acts committed by the defendant that furthered the purpose of the conspiracy." *United States v. Alvarez*, 755 F.2d 830, 853 (11th Cir. 1985). Further, "the government need not prove that a defendant had knowledge of all

6

details or phases of the conspiracy.  Rather, it is enough that the defendant knew the essential nature of the conspiracy." *Id.*  To convict a person of possession with intent to distribute a controlled substance, the government must prove three elements:  (1) knowledge; (2) possession; and (3) intent to distribute.  *United States v. Hernandez*, 743 F.3d 812, 814 (11th Cir. 2014); *see* 21 U.S.C. § 841(a)(1).  "All three elements can be proven by either direct or circumstantial evidence." *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989).

Portillo challenges only the knowledge element of each offense.  But Portillo testified in his own defense at trial, telling the jury that he had no knowledge of the drugs or any plan involving them.  The jury was entitled to disbelieve this testimony and take his denials as affirmative evidence that he had the requisite knowledge.  *Brown*, 53 F.3d at 314.  Portillo's testimony, taken as substantive evidence of his own guilt, is corroborated by other evidence of his knowledge of the drugs and the plan to possess with intent to distribute them, including that: Portillo drove a truck with hundreds of thousands of dollars' worth of drugs concealed in it across the border; Portillo appeared nervous at the traffic stop and gave Delaney information that was inconsistent with Hernandez's information; Hernandez crossed the border in the same Toyota Tundra months before Delaney stopped Hernandez and Portillo; and in Moore's experience and training a drug trafficking organization would not entrust that value of drugs with someone who

lacked knowledge of the drugs' existence.  *See id.* at 314-15.  The testimony of the government's witnesses was not incredible as a matter of law; the jury therefore was entitled to rely on this evidence.  *See Feliciano*, 761 F.3d at 1206.

Viewing the evidence in favor of the jury's verdict, we reject Portillo's challenge to the sufficiency of the evidence.  We affirm Portillo's convictions.

**AFFIRMED.**