[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11052

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KAMALI RIVES,
a.k.a. Kut,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cr-00130-TWT-JFK-4

_____

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional question, we conclude that we lack jurisdiction over this appeal. Kamali Rives appeals from the district court's order granting the parties' joint motion for sentence reduction under 18 U.S.C. § 3582(c)(2). In that motion, Rives asked the district court to reduce his total sentence to 223 months' imprisonment, and he attached to that motion a proposed order to that effect. The district court granted the motion and reduced his total sentence to 223 months, appearing to use the proposed order Rives submitted.

Because the district court granted Rives the exact relief requested in the motion, he was not aggrieved by the court's order and thus lacks standing to challenge it on appeal. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003) (holding that it is a jurisdictional requirement that litigants establish their standing to appeal); *United States v. Hernandez*, 743 F.3d 812, 815 (11th Cir. 2014) (concluding that criminal defendant was not aggrieved by the grant of his application for funds and thus lacked standing to challenge it on appeal).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.