**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12255
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ARTHUR ANTONIO JOHNSON,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00044-AT-RGV-1

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Arthur Johnson appeals his conviction for possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d). Johnson argues that the district court failed to conduct a

hearing before granting his counseled, unopposed motion to withdraw his earlier-filed motion to withdraw his guilty plea. As part of its response, the government argues that Johnson lacks standing to make this argument on appeal. After thorough review, we conclude that Johnson has standing to raise this issue, but we affirm on the merits.

"We review *de novo* questions of our jurisdiction." *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019). We ordinarily review a district court's decision concerning the need for an evidentiary hearing for abuse of discretion. *United States v. Votrobek*, 847 F.3d 1335, 1342 (11th Cir. 2017). However, if the defendant had "'an opportunity to object'" and failed to do so, and later raises the forfeited error on appeal, we review for plain error. *Greer v. United States*, 593 U.S. 503, 507 (2021).

First, we conclude that Johnson has standing to challenge the district court's decision not to conduct a hearing in this instance. "[L]itigants must always establish their standing to proceed in court -- not only to bring claims, but also to appeal judgments." *United States v. Hernandez*, 743 F.3d 812, 815 (11th Cir. 2014). "Regarding appellate standing, only a litigant 'who is aggrieved by [a] judgment or order may appeal.'" *Id.* (quoting *Knight v. Alabama*, 14 F.3d 1534, 1556 (11th Cir. 1994)). "To establish appellate standing, a litigant must 'prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'" *Amodeo*, 916 F.3d at 971 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704

24-12255               Opinion of the Court                3

(2013)).  In the criminal appellate context, "'the primary meaning of the injury requirement is adverseness,' which necessitates that the challenged order aggrieve the litigant." *United States v. Pavlenko*, 921 F.3d 1286, 1289 (11th Cir. 2019) (quoting *Amodeo*, 916 F.3d at 971).  "In other words, the appealed order must affect the litigant's interests in an adverse way." *Id.*

Here, the government argues, very briefly, that because the district court granted the relief Johnson sought -- his motion to withdraw his earlier motion to withdraw his guilty plea -- he was not aggrieved by the court granting his own motion and he lacks standing.  But Johnson is arguing that it was error for the district court to grant his motion before holding a hearing on the issue, suggesting that the district court would have denied his motion based on "red flags" that would have come to light about the true voluntariness of his guilty plea.  Because he is now claiming that the district court's failure to hold a hearing affected his interests in an "adverse way," he has standing to challenge this issue on appeal.

But even though he has standing, we are unpersuaded by his argument that the district court plainly erred by failing to conduct a hearing before resolving the later motion.  "To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements." *Greer*, 593 U.S. at 507.  "*First*, there must be an error.  *Second*, the error must be plain.  *Third*, the error must affect 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 507–08 (quoting

*Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018)) (emphasis in original).  "If those three requirements are met, an appellate court may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 508 (quoting *Rosales-Mireles*, 585 U.S. at 135).  Notably, "[s]atisfying all four prongs of the plain-error test 'is difficult.'" *Id*. (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

As for the second prong, "[a]n error is plain if it is 'clear' or 'obvious.'" *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).  In other words, an error is plain "if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue." *Id*. (citation modified).  When the second prong of the plain-error test is not satisfied -- i.e., that any alleged error is not "plain" -- we "need not discuss the entire plain error test." *United States v. King*, 73 F.3d 1564, 1572 (11th Cir. 1996).  That is because "the defendant has the burden of establishing each of the four requirements for plain-error relief." *Greer*, 593 U.S. at 508.  "Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022) (quoting *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015)).  For an error to be "plain," it "must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *Id*. (quoting *Hesser*, 800 F.3d at 1325).

24-12255            Opinion of the Court            5

For starters, Johnson never objected to the district court's failure to sua sponte hold a hearing on his motion to withdraw his earlier-filed motion to withdraw his guilty plea. He even had an opportunity to do so at sentencing -- when Johnson's counsel expressly said that "[w]e're not asking to . . . withdraw the plea agreement" -- but he never brought up the issue. Thus, we review his argument for plain error.

So, to establish plain error, Johnson must point to authority that would have required the district court, on its own initiative, to hold a hearing on his counseled, unopposed motion to withdraw his prior motion to withdraw his guilty plea. But he has not cited any authority to this effect. Instead, the only authorities Johnson cites in his argument on appeal concern the standards for granting or denying a defendant's motion to withdraw his guilty plea generally, or to the rules governing a plea colloquy. These authorities do not address his alleged claim of error -- that the district court failed to sua sponte conduct a hearing before granting Johnson's motion to withdraw his pending motion to withdraw his guilty plea. Absent any "explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolv[ing] the issue," Johnson has not shown any plain error on the part of the district court. *Innocent*, 977 F.3d at 1081 (citation modified); *Moore*, 22 F.4th at 1266. Accordingly, Johnson has not met his "burden of establishing each of the four requirements for plain-error relief," *Greer*, 593 U.S. at 508, and we affirm his conviction.

**AFFIRMED.**