[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12385

_____

D.C. Docket No. 1:11-cr-20279-RNS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT TAKHALOV,
ISAAC FELDMAN,
STANISLAV PAVLENKO,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 3, 2016)

Before ED CARNES, Chief Judge, MARTIN, Circuit Judge, and THAPAR,[*] District Judge.

PER CURIAM:

In July 2016, this Court reversed all of Stanislav Pavlenko's wire-fraud convictions—except one. *See* Op. at 41 (July 11, 2016). That was his conviction for Count 21 of the indictment, which charged Pavlenko with lying in an email to American Express ("AMEX"). [DE 953 at 15]. Though the district judge erred in failing to provide the defense's requested fraud instruction, the Court found that error harmless as to Count 21. *See* Op. at 36–37.

Both Pavlenko and the government have moved for panel rehearing. They bring the same argument—that Count 21 should not be an outlier—but from opposite directions. Pavlenko argues that, since the error was not harmless as to the other counts, it was not harmless as to Count 21. *See* Pavlenko Pet. for Reh'g at 2–6 (Aug. 1, 2016). The government argues that, since the error was harmless as to Count 21, it was harmless as to the other counts, too. *See* Government Pet. for Reh'g at 5–10 (Aug. 1, 2016).

We need not address the harmless-error issue, however, because Pavlenko also argues that the government failed to give the jury sufficient evidence to convict him under Count 21, and we are now convinced that argument has merit. *See* Pavlenko Pet. for Reh'g at 6–13; *see also* Pavlenko Initial Br. at 40 (Sept. 26, 2014).

When a convicted defendant challenges the sufficiency of the evidence, we look at the evidence "in the light most favorable to the verdict." *United States v. Hasson*, 333 F.3d

---

[*]Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

2

1264, 1270 (11th Cir. 2003).  And we will affirm the verdict "if a reasonable juror could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id.*

In Count 21, the government indicted Pavlenko for an email he sent to AMEX on April 21, 2010.  [DE 953 at 15].  To sustain a wire-fraud conviction, that email must have furthered a fraud scheme, *i.e.*, tricked AMEX into parting with money it would not otherwise have let go.  *See* Op. at 7–14.  Here, the scheme allegedly worked like this: a B-girl lured a man into Pavlenko's bar, where the man proceeded to use his AMEX card.  Looking back on the encounter from the clearer light of day, the customer decided he had been defrauded and contested the charge with AMEX.  On April 19, 2010, however, AMEX determined that the charge was not fraudulent and sent its customer a letter saying so.  *See* [DE Doc. 1142 at 67, 85, 88 (citing Defense Exh. SP 50)].  On April 21, for whatever reason, Pavlenko sent AMEX an email covering up his relation with the B-girl.  But by then, he had nothing left to gain:  AMEX had already upheld the charge.  In doing so, AMEX did not—and, of course, could not—rely on the April 21 email.  [*Id*. at 88].  And since AMEX had already approved the charge, no reasonable juror could have concluded that Pavlenko defrauded AMEX of that money through the April 21 email, which was the sole basis for Count 21.

This is not to say the government had no evidence that Pavlenko defrauded AMEX. The April 19 letter shows that AMEX considered "documented company records"—specifically, some documents and a photo that Pavlenko emailed to AMEX on April 16—in determining that the charge was not fraudulent.  [*Id*.].  The government could have indicted Pavlenko for the April 16 email.  But it didn't.  The government also could have argued that the April 21 email constituted "fraud after the fact."  *See United States v. Ross*, 131 F.3d 970,

3

980 (11th Cir. 1997) (noting that a defendant can commit wire fraud by concealing the illegality of the transaction after it occurred).  But the government didn't.  *See, e.g.*, *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir. 1989) ("This Court cannot affirm a criminal conviction based on a theory not contained in the indictment or not presented to the jury." (internal citation omitted)).

After considering both petitions for rehearing, we revise our opinion filed on July 11, 2016, and published at 827 F.3d 1307, in the following respects:

We reverse Pavlenko's conviction as to Count 21 because the government failed to provide sufficient evidence to support the charge, and we remand to the district judge for further proceedings.

The first and second full paragraphs of page 1323 are deleted.  The word "however," in the sentence spanning pages 1323–24, is deleted.

The final sentence of the opinion is deleted, and the following sentence is substituted in its place:

Finding no other errors that would justify reversal on Count 38, we reverse on all but Count 38, and remand to the district court for further proceedings consistent with this opinion.

In all other respects, the petitions for rehearing are DENIED.

4