[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11585

_____

D.C. Docket No. 2:15-cv-00120-CG-B

ELIZABETH BLEVINS, individually and
on behalf of others similarly situated,

Plaintiffs-Appellants,

versus

SEYDI V. AKSUT, M.D.,
SELMA HEART INSTITUTE, PC,
VAUGHAN REGION MEDICAL CENTER, LLC,
LIFEPOINT HOSPITALS, INC.,
LIFEPOINT RC, INC.,
LIFEPOINT CSGP, LLC,
BAPTIST MEDICAL CENTER SOUTH,
JACKSON HOSPITAL & CLINIC, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 1, 2017)

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,[*] District Judge.

HALL, District Judge:

This case arises out of Defendant Doctor Seydi V. Aksut's alleged performance of unnecessary heart procedures.  Two issues are on appeal.  First, we must decide whether the Class Action Fairness Act's ("CAFA") local-controversy provision, 28 U.S.C. § 1332(d)(4), precluded the district court from exercising federal-question jurisdiction.  And if not, we must decide whether Plaintiffs allege that they were injured in their "business or property," 18 U.S.C. § 1964(c), under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Below, the district court sided with Defendants on both issues.  We affirm in part and vacate in part.  We affirm the denial of Plaintiffs' motion to remand because CAFA's local-controversy provision does not prohibit district courts from exercising federal-question jurisdiction under 28 U.S.C. § 1331.  But we vacate the district court's grant of Defendants' motion to dismiss because Plaintiffs allege economic injuries that are recoverable under RICO.

## I.  Background

According to Plaintiffs, after an examination, Doctor Aksut would falsely tell a patient that the patient needed heart surgery.  Doctor Askut would then

---

[*] Honorable J. Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

2

perform the procedure at a facility operated by Defendants Selma Heart Institute, P.C., LifePoint Hospitals, Inc., LifePoint RC, Inc., LifePoint CSGP, Inc., Baptist Medical Center South, or Jackson Hospital & Clinic, Inc.  Defendants would then bill the patient for the procedure.  According to the complaint, each Plaintiff underwent some type of unnecessary procedure at one of these locations.

After learning about this practice, Plaintiffs filed suit in February 2015 in the Circuit Court of Dallas County, Alabama.  Plaintiffs' complaint asserts, among other things, civil RICO claims and alleges that Defendants operated a racketeering enterprise through which they performed and billed for the unnecessary heart procedures.

Defendants timely removed the case to the Southern District of Alabama based on federal-question jurisdiction.  Defendants then moved to dismiss the complaint and argued that Plaintiffs allege only personal injuries, which are not recoverable under RICO, and that they failed to plead sufficient facts to support their claims.  Around the same time, Plaintiffs moved to remand and argued that CAFA's local-controversy provision prohibited the district court from exercising jurisdiction.

The magistrate judge assigned to the case reported and recommended that the district court deny Plaintiffs' motion to remand because CAFA was inapplicable and grant Defendants' motion to dismiss because Plaintiffs had failed

3

to plead RICO-recoverable injuries.  After entertaining objections to the report and recommendation, the district court adopted it as its opinion and dismissed the case.[1]  Plaintiffs now appeal.

## II.  Standards of Review

We review the denial of Plaintiffs' motion to remand *de novo*.  *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  We also review the grant of Defendants' motion to dismiss *de novo*, "and we must accept all factual allegations in the complaint as true and construe them in the light most favorable to [Plaintiffs]."  *Id.* (quotation omitted).

## III.  Discussion

On appeal, Plaintiffs argue that the district court erred by not remanding the case because CAFA's local-controversy provision precluded it from exercising jurisdiction.  And even if it appropriately exercised jurisdiction, Plaintiffs contend that the district court should have denied Defendants' motion to dismiss because Plaintiffs' complaint alleges pecuniary injuries that are recoverable under RICO.[2]

---

[1]  The district court dismissed the entire case because it declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

[2]  Also, Defendants argue on appeal that: (1) we lack appellate jurisdiction over the district court's order denying Plaintiffs' motion to remand because Plaintiffs did not petition for permission to appeal that ruling; (2) we lack appellate jurisdiction over the grant of Defendants' motion to dismiss because Plaintiffs did not sufficiently designate that ruling in their notice of appeal; and (3) even if we have appellate jurisdiction, Plaintiffs are entitled to only plain-error review.  Because we are satisfied that we have appellate jurisdiction and that Plaintiffs are entitled to *de novo* review, we reject these arguments.

## A. Plaintiffs' Motion to Remand

It is undisputed that Plaintiffs' complaint alleges that Defendants violated federal RICO statutes—that is, it pleads a federal question—and that Defendants removed based on federal-question jurisdiction under 28 U.S.C. § 1331.   Still, Plaintiffs contend that CAFA's local-controversy provision precludes federal jurisdiction.   First, Plaintiffs argue that CAFA's local-controversy provision requires district courts to abstain from exercising jurisdiction over all local class actions.   Alternatively, they argue that CAFA assigns jurisdiction over local class actions exclusively to the state courts.  We reject both arguments.

"Congress enacted CAFA to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel."   *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007). Indeed, Congress was concerned that 28 U.S.C. § 1332 had worked to "kee[p] cases of national importance in state courts rather than federal courts."   *Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 739 (2014) (alteration in original) (quotation omitted).   "CAFA seeks to address these inequities and abusive practices by, among other things, broadening federal diversity jurisdiction over class actions with interstate implications."   *Lowery*, 483 F.3d at 1193.

5

*1. CAFA's local-controversy provision does not require district courts to abstain from exercising jurisdiction over federal-question class actions.*

With the enactment of CAFA, Congress amended 28 U.S.C. § 1332 to include § 1332(d). Notably, § 1332(d)(2) grants district courts jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000" and there is diversity between any class member and any defendant. But under CAFA's local-controversy provision, § 1332(d)(4), district courts must refrain from exercising jurisdiction over certain class actions that otherwise meet § 1332(d)(2)'s requirements. Specifically, § 1332(d)(4) instructs district courts to "decline to exercise jurisdiction under" § 1332(d)(2) over class actions that involve local parties and controversies. And, as Plaintiffs point out, courts have held that § 1332(d)(4) is similar to abstention and does not eliminate federal jurisdiction. *See Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) ("[Section] 1332(d)(4) does not itself diminish federal jurisdiction. It directs district judges to 'decline to exercise' jurisdiction otherwise present and thus is akin to abstention."); *Graphic Commc'ns Local 1B v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011) ("The local controversy provision . . . inherently recognizes the district court has subject matter jurisdiction . . . . Thus, the local controversy provision operates as an abstention doctrine, which does not divest the district court of subject matter jurisdiction.").

6

Plaintiffs contend that § 1332(d)(4) requires district courts to refrain from hearing any local class action.  That is, according to Plaintiffs, district courts must decline to exercise jurisdiction over any class action that meets the requirements of § 1332(d)(4), even those based on federal-question jurisdiction, such as this one.  The problem with Plaintiffs' argument is simple: § 1332(d)(4) does not affect a district court's ability to exercise jurisdiction under § 1331.

As noted, § 1332(d)(2) grants district courts jurisdiction over minimally diverse class actions in which more than $5,000,000 is in dispute.  And § 1332(d)(4) proscribes the exercise of that jurisdiction over local cases.  Put differently, § 1332(d)(2) grants district courts jurisdictional power they did not previously have, and § 1332(d)(4) removes their ability to exercise that specific grant of jurisdiction in certain cases.  Indeed, § 1332(d)(4)'s language makes clear that it has no bearing on jurisdiction asserted under § 1331: it provides that district courts "shall decline to exercise jurisdiction *under paragraph (2)*" of § 1332(d) (emphasis added).  It does not preclude the exercise of any other jurisdictional power.  Thus, when the requirements of federal-question jurisdiction are met, district courts may exercise jurisdiction over class actions, even if they involve only local parties.

> ### 2. CAFA's local-controversy provision does not grant state courts exclusive jurisdiction over local federal-question class actions.

Plaintiffs also contend that § 1332(d)(4) grants state courts exclusive jurisdiction over local class actions, including those based on federal-question jurisdiction. When a federal statute creates a private right of action, the federal courts presumptively have jurisdiction under § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378–79, 132 S. Ct. 740, 748–49 (2012). And "[t]hat principle endures unless Congress divests federal courts of their § 1331 adjudicatory authority." *Id.* at 379, 132 S. Ct. at 749.

Nothing in the language of § 1332(d)(4) indicates that Congress intended to divest district courts of jurisdiction under § 1331. Rather, as explained above, § 1332(d)(4) prevents district courts from exercising the jurisdiction that they otherwise possess under that statute. *See Morrison*, 649 F.3d at 536; *CVS Caremark Corp.*, 636 F.3d at 973. It does not restrict their ability to exercise other forms of jurisdiction. Thus, we are unpersuaded that § 1332(d)(4) divests district courts of their authority under § 1331.

In sum, CAFA's local-controversy provision does not require district courts to abstain from exercising federal-question jurisdiction over local class actions, and nothing in that provision indicates that Congress intended to divest district courts of federal-question jurisdiction. Accordingly, we affirm the district court's denial of Plaintiffs' motion to remand.

**B. Defendants' Motion to Dismiss**

Plaintiffs assert, among other things, civil RICO claims under 18 U.S.C. § 1964(c) and allege that Defendants operated a racketeering enterprise in violation of 18 U.S.C. § 1962(a), (c), & (d).  Specifically, Plaintiffs allege that "Defendants operated a medical services enterprise that falsely represented to patients that certain interventional cardiology procedures were medically necessary."  Plaintiffs also contend that Defendants committed mail and wire fraud through this enterprise by billing Plaintiffs for the unnecessary procedures.

Under 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]" may pursue a civil action in federal court based on that violation.  But the language "injured in his business or property" limits an aggrieved party's ability to recover because it "excludes personal injuries, including the pecuniary losses therefrom."  *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988).  Thus, "both personal injuries and pecuniary losses flowing from those personal injuries fail to confer relief under § 1964(c)."  *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565 (6th Cir. 2013).

Here, the magistrate judge concluded that Plaintiffs failed to allege injuries to their business or property because their alleged harm—their medical expenses—flowed from their personal injuries—the unnecessary procedures.  But Plaintiffs allege in their complaint that "Plaintiffs and class members and/or their

9

indemnitors paid or are obligated to pay monies to the defendants" for the unnecessary medical procedures.

In the context of unnecessary medical treatment, payment for the treatment may constitute an injury to property. *See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1363 (11th Cir. 2011). In *Ironworkers*, the plaintiffs asserted civil RICO claims against AstraZeneca. They claimed that AstraZeneca fraudulently induced physicians to prescribe one of its drugs instead of cheaper alternatives. Similar to Plaintiffs here, the plaintiffs in *Ironworkers* sought to recover damages based on the amounts they paid for the unnecessary prescriptions. Although this Court affirmed the dismissal of the case, we noted that a plaintiff who "allege[s] that her purchase payments were the product of a physician's medically unnecessary or inappropriate prescriptions" has likely pleaded an injury under RICO.[3] *Id.*

Our reasoning in *Ironworkers* applies here. Plaintiffs seek to recover damages under § 1964(c) for the amounts they paid for the unnecessary heart procedures. These injuries do not flow from any personal injuries. Rather, as in *Ironworkers*, the payments themselves are economic injuries because they were for

---

[3] The plaintiffs in *Ironworkers* included a putative class of insurers and an individual. We affirmed the dismissal of the insurers' claims because we found that they had assumed the risk of paying for medically unnecessary prescriptions, and we affirmed the dismissal of the individual's claims because she failed to plausibly allege that she purchased medically unnecessary prescriptions.

10

medically unnecessary procedures.  That Plaintiffs also seek redress for personal injuries under other legal theories does not change the outcome.  Accordingly, because Plaintiffs have alleged injuries to "business or property," we vacate the district court's grant of Defendants' motion to dismiss.[4]

## IV.  Conclusion

We **AFFIRM** the district court's denial of Plaintiffs' motion to remand, **VACATE** the district court's grant of Defendants' motion to dismiss, and **REMAND** for further proceedings.

---

[4] We note that Defendants alternatively argue that we should affirm the district court's order for a separate reason: that the complaint fails to meet Federal Rule of Civil Procedure 9's heightened pleading standard.  We decline to reach that issue.  The district court, however, is free to address that argument on remand.

11