[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11315

_____

D.C. Docket No. 1:16-cv-00452-TCB

COMMON CAUSE,
GEORGIA STATE CONFERENCE OF THE NAACP,

Plaintiffs – Appellants,

versus

BRIAN KEMP,
individually and in his official capacity as
Secretary of State of the State of Georgia,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 12, 2018)

Before WILSON, and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

_____

[*] Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

PER CURIAM:

Plaintiffs/Appellants, Common Cause ("CC") and Georgia State Conference of the NAACP ("NAACP") (collectively "Plaintiffs"), appeal the district court's order granting the Secretary of State's ("Secretary of State" or "State"), motion to dismiss their claims challenging Georgia Code § 21–2–234 ("Section 234"), which codifies a program for removing ineligible voters from the voter registration rolls. Plaintiffs contend that the program violates federal voting rights law, specifically the National Voter Registration Act, 52 U.S.C. § 20507 ("NVRA"), and the Help America Vote Act, 52 U.S.C. § 21083 ("HAVA"), and the First Amendment to the United States Constitution.

## I.    ISSUES

1. Whether Section 234 violates the National Voters Registration Act and the Help America Vote Act.

2. Whether Section 234 violates the First Amendment.

## II. STANDARD OF REVIEW

This court reviews de novo the district court's order dismissing a complaint for failure to state a claim. *Blevins v. Aksut*, 849 F.3d 1016, 1018–19 (11th Cir. 2017).

2

This court also reviews de novo questions of statutory interpretation. *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006).

## III. DISCUSSION

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we vacate the district court's order of dismissal and remand this case to the district court to consider in the first instance the United States Supreme Court's pending disposition in *A. Phillip Randolph Inst. v. Husted*, 838 F.3d 699 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2188 (2017) (argued January 10, 2018).

On remand, the district court should also conduct a more detailed analysis of the First Amendment question.

**VACATED** and **REMANDED** with directions.[1]

---

[1] On remand, nothing precludes the Plaintiffs from moving the district court for a preliminary injunction to restore those removed voters from the voter registration rolls pending a ruling from the Supreme Court.