[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15047

_____

D.C. Docket No. 1:11-cr-20279-RNS-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANISLAV PAVLENKO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2019)

Before WILLIAM PRYOR and NEWSOM, Circuit Judges, and ROSENTHAL,[*]
District Judge.

WILLIAM PRYOR, Circuit Judge:

---

[*] Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of
Texas, sitting by designation.

This appeal requires us to decide whether a criminal defendant has standing to appeal the dismissal of his indictment without prejudice. Stanislav Pavlenko stood charged of 23 counts arising from a fraudulent scheme when he negotiated a settlement agreement with the government. Pavlenko, a Russian citizen, agreed to return to Russia and abandon his lawful permanent resident status in the United States. And he waived "any right to return to the United States" for ten years. In exchange, the government agreed to dismiss all charges against him. The day after Pavlenko boarded a flight to Russia, the government moved to dismiss the indictment. The district court granted the motion in the light of the settlement agreement in which Pavlenko had agreed, among other things, "not to return to the United States" for ten years. Pavlenko contends that the dismissal imposed conditions to which he never agreed. But because the order did nothing more than dismiss the indictment against him, Pavlenko lacks standing to complain about it. We dismiss his appeal for lack of jurisdiction.

## I. BACKGROUND

A grand jury returned a 57-count indictment charging Stanislav Pavlenko, a Russian citizen, and seven others with offenses arising from their operation of a fraudulent scheme in their nightclubs in South Beach. The indictment alleged that the conspirators illegally imported women, called "bar girls," primarily from Latvia and Estonia, to lure intoxicated victims to their clubs where the conspirators

2

would fraudulently charge the victims' credit cards. Pavlenko's 23 charges included numerous counts of wire fraud, conspiracy to commit wire fraud, conspiracy to commit money laundering, and conspiracy to defraud the United States.

A jury found Pavlenko guilty of ten counts but acquitted him of the remaining 13 counts. The district court sentenced Pavlenko to serve 78 months of imprisonment. Pavlenko appealed, and we vacated his convictions on the ground that the district court abused its discretion when it refused to give a jury instruction the defendants requested. *See United States v. Takhalov*, 838 F.3d 1168 (11th Cir. 2016).

After we remanded the case, Pavlenko and the government reached a settlement agreement. Pavlenko agreed to "abandon his lawful permanent resident status and voluntarily return to Russia"; "waive[] any right to return to the United States, as well as any right to re-apply for lawful permanent resident status or any other immigration status . . . for a period of no less than ten (10) years"; and "surrender his Lawful Permanent Resident card." In exchange, the government agreed to "dismiss the remaining charges against [Pavlenko] in this case" when he left for Russia.

Before dismissing the indictment based on the settlement agreement, the district court conducted a hearing. Pavlenko testified that he had read, understood,

3

and agreed with all the terms in the agreement and that he had consulted with his attorney about it. Pavlenko confirmed that he was agreeing to give up his resident status and his right to reapply for any immigration status for ten years. The court concluded that Pavlenko had knowingly and voluntarily entered into the settlement agreement. The parties then filed the settlement agreement with the district court.

The day after Pavlenko boarded a plane for Russia, the government filed a motion to dismiss the charges against him without prejudice "in fulfillment of the Settlement Agreement." The government explained that Pavlenko "ha[d] agreed, per the terms of the Settlement Agreement, not to return or seek to obtain any immigration status in the United States, for a period of at least 10 years." And the government explained that, "[s]hould Pavlenko violate the terms of the Settlement Agreement, the United States retains the right to re-instate the charges against him."

The district court granted the motion and "dismisse[d] the Indictment without prejudice as to Stanislav Pavlenko." The dismissal order explained that, after Pavlenko had surrendered his permanent resident card and returned to Russia, the government had moved for dismissal to fulfill the settlement agreement. The dismissal order also stated that "Pavlenko ha[d] further agreed, per the terms of the Settlement Agreement, not to return to the United States or seek to obtain any immigration status in the United States for ten years." And the order explained that

4

the dismissal "[wa]s subject to Pavlenko's continued compliance with the Settlement Agreement for the next 10 years." The next day, the court closed Pavlenko's case. *See United States v. Pavlenko*, No. 1:11-cr-20279-RNS-17 (S.D. Fla. Oct. 25, 2017), ECF No. 1498. Pavlenko appealed the dismissal of his indictment on the ground that the district court exceeded its authority by creating a *de facto* ten-year probation and imposing a condition to which he never agreed.

## II. STANDARD OF REVIEW

We review *de novo* questions of our jurisdiction. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

## III. DISCUSSION

The government argues that we lack jurisdiction to consider the dismissal of Pavlenko's indictment for two reasons. First, it argues that the dismissal of the indictment fails to satisfy statutory jurisdictional requirements, 28 U.S.C. § 1291, because the dismissal is not a final judgment and does not fall within the collateral-order doctrine. Second, the government argues that Pavlenko lacks standing to appeal the dismissal of his indictment because he agreed to it.

We agree that Pavlenko lacks standing. Pavlenko misunderstands the legal effect of the dismissal order, which did nothing more than grant the government's motion to dismiss the indictment. By paraphrasing the terms of the settlement agreement, the district court did not vary those terms or otherwise subject Pavlenko

5

to the continuing supervision of the district court. So Pavlenko has nothing about which to complain. Because we conclude that Pavlenko lacks standing, we need not address whether the dismissal order satisfies section 1291.

Article III of the Constitution confines our jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. The "core of Article III's case-or-controversy requirement" is standing. *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998)). And a litigant "must establish [his] standing not only to bring claims, but also to appeal judgments." *Id.* To have appellate standing, a litigant must establish that he has suffered "a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

The government contends that Pavlenko lacks standing because he agreed to the dismissal, but this contention misses the heart of Pavlenko's argument. True, a party ordinarily "has no standing to appeal a judgment to which he or she consented," but that rule does not apply when the judgment "allegedly deviates from the terms of the parties' agreement." *Reynolds v. Roberts*, 202 F.3d 1303, 1312 (11th Cir. 2000) (citation and internal quotation marks omitted). Because Pavlenko alleges that the dismissal order deviated from the terms of the settlement

6

agreement, his consent to the settlement agreement does not, by itself, defeat his standing to appeal the dismissal order.

Pavlenko lacks standing for a simpler reason: the order entered by the district court did nothing more than dismiss the indictment against Pavlenko, so it caused him no injury in fact. "Only one injured by the judgment sought to be reviewed can appeal . . . ." *Parr v. United States*, 351 U.S. 513, 516 (1956). "In the context of appellate standing, the primary meaning of the injury requirement is adverseness," which necessitates that the challenged order aggrieve the litigant. *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). In other words, the appealed order must affect the litigant's interests in an adverse way. *See Wolff*, 351 F.3d at 1354; *see also Knight v. Alabama*, 14 F.3d 1534, 1555–56 (11th Cir. 1994). It is well established that a criminal defendant ordinarily "has no standing to appeal the dismissal of an indictment" because he "is not injured by the dismissal." *United States v. Moller-Butcher*, 723 F.2d 189, 190–91 (1st Cir. 1983) (discussing *Parr*, 351 U.S. at 517); *accord United States v. Lanham*, 631 F.2d 356, 358 (4th Cir. 1980).

Pavlenko's argument that the dismissal did not fully close his case as required by the settlement agreement and instead created a *de facto* probation of ten years reflects a misunderstanding of a single statement in the dismissal order. According to Pavlenko, by stating that the dismissal was "subject to [his]

continued compliance with the Settlement Agreement for the next 10 years," the district court effectively created a ten-year probation term. But as we read the order, the district court only echoed that the settlement agreement required Pavlenko to comply with its terms "for a period of no less than ten (10) years." The district court did not create a "probation" or retain a supervisory role over the settlement agreement. *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (explaining in the civil context that a district court has no inherent authority to enforce a settlement agreement reached by the parties in exchange for dismissing a lawsuit). Indeed, the district court's docket establishes that there are no pending charges against Pavlenko and that his case was closed on October 25, 2017—the day after the court granted the motion to dismiss his indictment. *See United States v. Pavlenko*, No. 1:11-cr-20279-RNS-17 (S.D. Fla. Oct. 25, 2017), ECF No. 1498.

Pavlenko also argues that the dismissal imposed a condition to which he never agreed when it stated that he agreed "not to return to the United States," but again, the order imposed no such condition. The settlement agreement stated that Pavlenko "waive[d] any right to return to the United States" for ten years. The dismissal order then paraphrased the settlement agreement by stating that Pavlenko had agreed "not to return to the United States" for ten years. This paraphrase imposed no condition on Pavlenko. In the dismissal order, the district court

8

explained why the government had moved to dismiss Pavlenko's indictment—*i.e.*, the settlement agreement—and included a summary of that agreement. But the district court never purported to impose new conditions on Pavlenko in its order; the only conditions imposed on Pavlenko are contained in the settlement agreement to which he agreed. The government even represented in its motion to dismiss the indictment that it retained the right to reinstate the charges "[s]hould Pavlenko violate *the terms of the Settlement Agreement*"—not should he violate the terms of the dismissal order. In short, the dismissal was *just* a dismissal.

Because the order did nothing more than dismiss Pavlenko's indictment, it is clear that the order did not aggrieve him. As the Supreme Court has explained, a criminal defendant cannot appeal the dismissal of his indictment because he "has not been injured by its termination in his favor." *Parr*, 351 U.S. at 517. That is, the dismissal *benefited* Pavlenko by dismissing the 23 charges against him. So it caused him no injury. *See Amodeo*, 916 F.3d at 973; *Wolff*, 351 F.3d at 1353–54. And without an injury, Pavlenko lacks standing to appeal the dismissal of his indictment.

To be sure, Pavlenko and the government have divergent interpretations of the settlement agreement's waiver of "any right to return to the United States" for the ten-year period. Pavlenko interprets this term as waiving only the "right to return" afforded to him as a permanent resident, who generally have a right, though

9

not absolute, to return to the United States from abroad. Pavlenko contends that he retained "the *opportunity* to request permission to enter or pass through the United States," which the government may grant if it wishes, but that he never agreed not to return to the United States. The government responds that in Paragraph 1 of the settlement agreement, Pavlenko relinquished all the rights that accompanied his resident status when he agreed to "abandon his lawful permanent resident status," so that the waiver of his "right to return" in Paragraph 2 cannot be tied to his resident status. The government interprets the waiver of his "right to return" as Pavlenko agreeing not to return to the United States in any fashion for the ten-year period.

Because Pavlenko's appeal presents no case or controversy, we cannot resolve these divergent interpretations of the settlement agreement. Perhaps these interpretations might present a case or controversy if Pavlenko were to return to the United States or if the government were to obtain a new indictment against him. *See Parr*, 351 U.S. at 517 (explaining that a criminal defendant who had his indictment dismissed would have standing to appeal if he was later reindicted and convicted). But Pavlenko appealed the dismissal of his indictment, and the dismissal caused him no injury. There is no case or controversy for us to consider.

## IV. CONCLUSION

We **DISMISS** Pavlenko's appeal for lack of jurisdiction.

10