[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10805
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-01467-HES-PDB

HAKIM ABDULLAH,
CEOPHIA PERKINS,

Plaintiffs-Appellants,

versus

JACKSONVILLE HOUSING AUTHORITY,
ANTHONY JACKSON,
employee in an individual personal capacity,
FREDERICK MCKINNIES,
CEO, in an individual personal capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 8, 2020)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Hakim Abdullah and Ceophia Perkins, proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 claims. We affirm.

I.

In 2018, Hakim Abdullah and Ceophia Perkins filed a 42 U.S.C. § 1983 claim against Jacksonville Housing Authority and its employee, Anthony Jackson, alleging that the defendants unlawfully evicted Perkins from her apartment. They demanded many things: a jury trial, damages, termination of the employment of both Jackson and Frederick McKinnies (the CEO of Jacksonville Housing Authority), and referral of the matter to the Federal Bureau of Investigation. Although both Abdullah and Perkins signed the complaint, they did not explain how Abdullah was associated with the eviction of Perkins.

Because Abdullah and Perkins filed motions to proceed in forma pauperis, a magistrate judge reviewed the viability of their complaint under 28 U.S.C. § 1915(e)(2)(B). That section requires a court to dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. The magistrate determined that their complaint failed to state a claim on which relief could be granted—it contained mostly conclusory statements and few facts. But

2

because they were proceeding pro se, the magistrate gave them an opportunity to amend.

In their amended complaint, Abdullah and Perkins reiterated their § 1983 claims, added McKinnies as a defendant in the caption of the case (but not the "Parties" section), alleged that Abdullah was evicted from his apartment when under the protection of a bankruptcy stay, and stated that Perkins is a "disabled citizen" who lost her personal effects from her eviction. And they attached thirteen documents (some twice).

After carefully reviewing the amended complaint, the magistrate again issued a report and recommendation pursuant to § 1915(e)(2)(B). The magistrate recommended dismissing the complaint for various reasons—including for failure to state a claim on which relief could be granted—and denying their motions to proceed in forma pauperis as moot. But Abdullah and Perkins paid the filing fee and, because they no longer proceeded in forma pauperis, the magistrate judge concluded that consideration of their complaint under § 1915 was unwarranted and vacated the report and recommendation.

Eight days after the magistrate judge vacated the report, the defendants filed a motion to dismiss, citing six different grounds for dismissal. Not to be outdone, Abdullah and Perkins filed motions to strike and for default judgment. Among other arguments, they contended that the magistrate's "order" was invalid because

3

the magistrate did not have jurisdiction to enter a report and recommendation without their consent.

The district court granted the motion to dismiss and denied Abdullah and Perkins's motions.  Although the pleadings were not entirely clear on what causes of action Abdullah and Perkins were pursuing, the district court did a thorough job explaining why dismissal was warranted.  It first found that it did not have subject matter jurisdiction over the plaintiffs' claims to the extent they sought appellate review of completed state court eviction proceedings, citing the *Rooker-Feldman* doctrine (which forbids a losing party in state court from filing suit in federal court to complain of injury caused by the state court judgment).  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  It then found that the § 1983 claims were barred by the four-year statute of limitations for personal injury claims and that the claims based on alleged violations of the bankruptcy stay were barred by collateral estoppel.  Finally, it found that the remainder of the complaint failed to contain claims on which relief could be granted.

This appeal followed.

## II.

We review questions of our jurisdiction de novo.  *United States v. Pavlenko*, 921 F.3d 1286, 1289 (11th Cir. 2019).  We also review a district court's

4

application of a statute of limitations de novo.  *Foudy v. Miami-Dade County, Florida*, 823 F.3d 590, 592 (11th Cir. 2016).  And we review dismissal for failure to state a claim on which relief can be granted de novo.  *Blevins v. Aksut*, 849 F.3d 1016, 1018–19 (11th Cir. 2017).  But we need not reach the district court's grounds for dismissing Abdullah and Perkins's complaint because those grounds have not been challenged on appeal.

The law is now "well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it."  *Id.*  And while we construe briefs filed by pro se litigants liberally, even pro se litigants must follow the rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Abdullah and Perkins's brief flags one issue for review: whether the district court erred in dismissing their complaint "without procedural due process of the Fourteenth Amendment."  In their "statement of the issues" and "arguments" sections, they contend that the magistrate's report and recommendation was a void judgment in violation of the Fourteenth Amendment and that the district court

5

erred in denying their motion for default judgment. Their brief does not address any of the grounds given by the district court for dismissing their claims. In other words, Abdullah and Perkins have waived or abandoned any argument that they might have made on appeal concerning the district court's dismissal of their claims for lack of subject matter jurisdiction, being time-barred, or failing to state a claim on which relief could be granted.

III.

We now turn to the issues that Abdullah and Perkins do raise on appeal. *First*, Abdullah and Perkins renew their argument that the magistrate's report and recommendation was a "void judgment." *Second*, Abdullah and Perkins argue that the district court should have granted them default judgment when the defendants "failed to answer the Amended Complaint in a timely manner" and that this Court should award them $150,000,000.00.

As for the first argument, a district court has inherent authority to appoint a magistrate judge to determine pretrial matters and to file a report and recommendation. 28 U.S.C. § 636(b)(1). And when plaintiffs proceed in forma pauperis, a court is required to dismiss an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Thus, it was proper for the district court to appoint a magistrate judge to enter a report and recommendation here. And, perhaps more importantly, the magistrate ultimately vacated the report

6

and recommendation that Abdullah and Perkins challenge, making this argument moot.

Moving on to their second argument, we review the denial of a motion for default judgment for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Co.*, 294 F.3d 1309, 1316 (11th Cir. 2002). A defendant must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed R. Civ. P. 12(a)(1). If the defendant fails to do so and the plaintiff's claim is for a certain sum, the plaintiff must submit an affidavit showing the amount due to obtain a default judgment. Fed. R. Civ. P. 55(b)(1). Even then, entering judgment by default is a drastic remedy which should only be used in extreme situations. *Mitchell,* 294 F.3d at 1316–17.

Here, although the defendants did not respond to Abdullah and Perkins's amended complaint within twenty-one days of service, the magistrate had issued a report and recommendation finding that those claims were facially invalid. And once the magistrate vacated that report, the defendants promptly filed their motion to dismiss. The drastic remedy of default judgment was not appropriate here. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Further, even if the defendants were in default, the plaintiffs never submitted an affidavit showing the

amount due, as required by Rule 55. Thus, the district court was well within its discretion to deny Abdullah and Perkins's motion for default judgment.

Because Abdullah and Perkins failed to challenge any of the grounds for dismissal contained in the district court's order, and the arguments they do raise are without merit, we affirm the dismissal of Abdullah and Perkins's amended complaint.

**AFFIRMED.**