[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13310

Non-Argument Calendar

_____

RONALD LEWIS,

Plaintiff-Appellant,

*versus*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01228-CLM

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Lewis appeals the district court's dismissal of his breach of contract and fraudulent misrepresentation claims against Mortgage Electronic Registration Systems, Inc. (MERS) and Federal National Mortgage Association (Fannie Mae). Lewis argues that MERS and Fannie Mae violated the terms of his mortgage by failing to provide him with proper notice of the foreclosure sale on his property. And he argues that he was defrauded when someone acting on behalf of MERS and Fannie Mae told him that the foreclosure sale had been cancelled when it had not. Lewis also argues that the district court erred in denying his post-dismissal motion for partial summary judgment and his motion to remand. Upon review, we affirm.

## I.

In October 2002, Lewis executed a mortgage to MERS as nominee for the lender, Homecomings Financial Network, Inc. Although Lewis refers to Fannie Mae and Homecomings Financial as the contracting parties, the terms of the mortgage make clear that Fannie Mae was not a party to the mortgage. The terms of the mortgage stipulated that "[a]ll notices given by Borrower or Lender . . . must be in writing." And that the "notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to the Lender."

MERS later assigned the mortgage to Ditech Financial, LLC, who eventually foreclosed on the property in 2018 after Lewis defaulted on the loan. Ditech hired a law firm, McCalla Raymer Leibert Pierce, LLC, to manage the foreclosure, including notifying Lewis about the foreclosure, which was scheduled to take place on July 2, 2018.

While Lewis first states that McCalla failed to send both the notice of default and the date and time of the foreclosure sale to the proper address as required under the mortgage, he later says foreclosure notice was sent to the proper address, but that the notice excluded "default, cure and reinstatement info." Lewis also claims "someone" at McCalla "on or around a few days or weeks before the sale" told him that the foreclosure sale had been cancelled. In fact, the sale had not been cancelled, and the property was sold on July 16, 2018.

This case originated in Alabama state court when Lewis was sued over a quitclaim deed he had executed on the property. Lewis filed a counterclaim, third-party complaint, and cross claim that included a host of parties, including Fannie Mae and MERS. The state court severed Lewis's claims against Fannie Mae and MERS under Alabama Rule of Civil Procedure 21. That severance created "a new action, with a separate case number" naming Lewis as plaintiff and Fannie Mae and MERS as defendants.

That severance also created diversity among the parties to the new action, and Fannie Mae and MERS timely removed to federal district court. Lewis filed a motion to remand on the grounds

that removal was improper, which the district court denied. Later, though prior to discovery, Lewis filed a motion for partial summary judgment, which the district court dismissed as premature. Fannie Mae and MERS then filed a motion to dismiss all of Lewis's claims against them, which the district court granted. While the motion to dismiss had been pending, Lewis renewed his motion for partial summary judgment. After the district court issued its dismissal order, Lewis motioned for a ruling on his renewed motion for partial summary judgment. The district court denied as moot any pending motions for partial summary judgment. Lewis timely appealed.

## II.

We review the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) *de novo*, construing the complaint in the light most favorable to the plaintiff and accepting as true all facts that the plaintiff alleges. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011). Dismissal is only appropriate when no set of facts would support the claims in the complaint. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Id.*

We also review the district court's denial of Lewis's motion to remand *de novo*. *Blevins v. Aksut*, 849 F.3d 1016, 1018 (11th Cir.

2017). Finally, we review questions of mootness *de novo. Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1331 (11th Cir. 2005).

## III.

### A.     *Lewis's Breach of Contract Claim*

Lewis argues that Fannie Mae and MERS failed to give him proper notice of default and foreclosure according to the mortgage terms. Specifically, he maintains that Fannie Mae and MERS sent notices to the property address rather than a post office box address where Lewis "confirmed to them that notices should be sent." He contends that the district court failed to properly resolve whether the notice address had been changed from the property address to the post office box address.

As the district court noted, Lewis contradicts himself on this point in his amended complaint. He first argues that he did not receive notice, citing the post office box as the proper address rather than the property address, but then concedes that "it appears that notice was sent to the proper address." On appeal, Lewis maintains that he asserted in a motion for partial summary judgment that the correct address was the post office box address. But the scope of the review for appeals of 12(b)(6) dismissals are generally limited to the four corners of the complaint. *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Even if Lewis had properly preserved his argument on this point, he offers no support for his contention that the notice

address had been changed. In his brief, Lewis points out that the mortgage stipulated that "[a]ll notices given by Borrower or Lender . . . must be in writing." And that the "notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to the Lender." Thus, any change to the notice address was required to be in writing. But Lewis offers no factual support that he provided any such written request. He makes only a bare assertion that his official address "on record" was the post office box and that the default notice went to the property address instead. Accordingly, he has abandoned that argument on appeal. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (an appellant abandons a claim by raising it in a perfunctory manner without supporting arguments or authority).

Finally, even if Lewis could support his claim for improper notice, he cannot show that Fannie Mae or MERS "are responsible for that defect, given that MERS had already assigned its interest in the property to Ditech when the foreclosure notices were sent." Thus, the district court did not err in dismissing his breach of contract claim.

## B.    Lewis's Fraud Claim

Lewis also argues that the district court erred in dismissing his fraudulent misrepresentation claim against Fannie Mae and MERS. This argument suffers from the same defect as Lewis's breach of contract claim. Even if Lewis could make out a claim for fraud, he cannot show that Fannie Mae or MERS were responsible

for that fraud. As the district court explained, "because MERS had assigned its interest in the property [to Ditech], no basis exists to hold [MERS or Fannie Mae] liable for the statement." Nor does he properly challenge the district court's finding on this point on appeal. In his brief, Lewis makes only a conclusory statement with no facts to support his contention that the person he spoke with at McCalla somehow represented Fannie Mae or MERS, and he makes only the bare assertion that he "stated a valid agency claim for fraud." Accordingly, this claim is abandoned. *See Sapuppo*, 739 F.3d at 681.

### C.    *Lewis's Motion to Remand*

Lewis argues that the district court should have remanded because MERS and Fannie Mae filed a notice of removal more than thirty days after his complaint. We disagree. Non-diverse parties prevented removal until the state court severed Lewi's claims against MERS and Fannie Mae. That severance aligned Lewis as plaintiff and Fannie Mae and MERS as the only defendants. With complete diversity among the parties and the amount in controversy satisfied, the action became removable for the first time. 28 U.S.C. § 1332(a); *see also Cent. of G. R. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937-38 (5th Cir. 1970) (finding removal proper after a state court severed a third-party complaint). Parties can remove under diversity jurisdiction up to a year after an action is commenced. 28 U.S.C. § 1446(c)(1). Removal was timely because MERS and Fannie Mae filed their notice of removal within thirty days of the case becoming removable pursuant to 28 U.S.C. §

1446(b)(3). Thus, the district court's denial of Lewis's motion to remand was not error.

### D.    Lewis's Renewed Motion for Partial Summary Judgment

Lewis argues that the district court erred in denying as moot his renewed motion for partial summary judgment. But Lewis filed that motion after the district court had already entered an order dismissing all of his claims. The court therefore lacked jurisdiction to consider a motion for partial summary judgment on any of those claims. *See* FED. R. CIV. P. 41(b) ("a dismissal . . . operates as an adjudication on the merits"). And we do not construe Lewis's renewed motion for partial summary judgment as a motion to reconsider the dismissal because Lewis filed a separate motion to reconsider. Accordingly, the district court was correct in denying Lewis's renewed motion for partial summary judgment as moot.

## IV.

Because the district court did not err in dismissing Lewis's claims, and because his procedural claims lack merit, the district court is **AFFIRMED**.