[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12302

Non-Argument Calendar

_____

PETER OTOH,

Plaintiff-Appellant,

*versus*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

VRMTG ASSET TRUST,

NATIONSTAR MORTGAGE, LLC,

d.b.a. Mr. Cooper,

NEWREZ LLC,

d.b.a. Shellpoint Mortgage Servicing,

AUCTION.COM ENTERPRISES, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02444-TCB

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Peter Otoh, *pro se*, appeals (1) the district court's denial of his motion to remand this case back to state court for lack of diversity of citizenship and (2) the district court's subsequent grant of the defendants' motions to dismiss Otoh's complaint.

In Georgia state court, Otoh brought this suit alleging state law claims against seven defendants, including VRMTG Asset Trust (the "VRMTG Trust"). Subsequently, three defendants removed the case to the United States District Court for the Northern District of Georgia. In a single sentence, the district court denied Otoh's motion to remand, concluding there was diversity jurisdiction.

On appeal, Otoh asserts that removal was improper because the defendants failed to prove that the parties—in particular, Otoh, a citizen of Georgia, and the VRMTG Trust—were completely diverse and that removal jurisdiction existed. After review, we conclude that the defendants' notice of removal did not properly allege the citizenship of the VRMTG Trust and therefore did not establish diversity of citizenship between Otoh and the VRMTG

Trust. Accordingly, we vacate the district court's judgment and its orders denying Otoh's motions to remand and granting the defendants' motions to dismiss. We remand for further briefing and for the district court to consider whether complete diversity between the parties exists in this case.

## I.    FACTUAL BACKGROUND

### A.    Otoh's State Court Complaint

On May 8, 2023, Otoh filed this action in the Superior Court of Gwinnett County, Georgia, naming as defendants: (1) the VRMTG Trust; (2) the alleged owner trustee of the VRMTG Trust, identified as the U.S. Bank Trust National Association ("the U.S. Bank Trustee"); (3) Federal National Mortgage Association ("Fannie Mae"); (4) Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar"); (5) Mr. Cooper Group ("Mr. Cooper"); (6) Newrez, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"); and (7) Auction.com Enterprises, LLC ("Auction.com") (collectively, "the defendants").

Otoh's complaint alleged, *inter alia*, intentional infliction of emotional distress by the defendants in their attempt to foreclose and sell his home. Otoh sought cancelation of a security deed on his property, hundreds of millions of dollars in monetary relief, and various forms of equitable relief. Otoh's complaint alleged that defendant VRMTG Trust was assigned an invalid security deed that was being used to foreclose on Otoh's home, causing him severe emotional distress.

**B.      Defendants' Notice of Removal**

On May 31, 2023, defendants Shellpoint, the VRMTG Trust, and the U.S. Bank Trustee ("the removing defendants") filed a notice of removal to move Otoh's action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. The removing defendants' notice of removal stated that: (1) Otoh was a Georgia citizen; (2) Shellpoint was a citizen of Delaware and New York; (3) Fannie Mae was a citizen of the District of Columbia; (4) Nationstar was a citizen of Delaware and Texas; (5) Mr. Cooper was a citizen of Delaware and Texas; (6) Auction.com was a citizen of Delaware and California; and (7) the U.S. Bank Trustee was a citizen of Ohio.

As to defendant VRMTG Trust itself, the notice of removal stated it was a Delaware statutory trust, the U.S. Bank Trustee was an active trustee, and thus only the U.S. Bank Trustee's citizenship was examined for purposes of diversity jurisdiction, as follows:

> Defendant VRMTG Asset Trust (the "Trust") is a Delaware statutory trust registered with the Delaware Department of State, Division of Corporations, as File Number 6757776, and Defendant U.S. Bank the trustee for the Trust. The Trust is a securitized trust that holds mortgage-backed securities for the benefit of its certificateholders. U.S. Bank is the registered agent of the Trust, and, pursuant to the pooling and servicing agreement and all other governing documents, manages the Trust in an active capacity, including the holding, managing, and disposing of assets, as well as having the power to control all litigation involving

> the Trust. As an active trustee, U.S. Bank is the real party in interest and therefore the party whose citizenship is to be examined for citizenship purposes. . . . U.S. Bank, the Trustee of the Trust, is a citizen of Ohio for the purposes of diversity jurisdiction.

(Footnote omitted.) Claiming only the U.S. Bank Trustee's citizenship was relevant, the notice of removal did not allege the citizenship of the VRMTG Trust or of the beneficiaries of the VRMTG Trust.

## C.    Denial of Motion to Remand and Dismissal of Complaint

Otoh moved to remand the case back to state court, arguing in relevant part, that diversity jurisdiction was lacking. Otoh argued that, as an unincorporated entity, the VRMTG Trust has the citizenship of all its members. He also argued that the defendants had not established the VRMTG Trust's citizenship because they did not allege, or present evidence of, the citizenship of the Trust's certificateholders.

On June 5, 2023, without waiting for the removing defendants' response or holding a hearing, the district court denied Otoh's motion to remand, stating "[i]t appear[ed] that Defendants properly removed th[e] case and that diversity jurisdiction exist[ed]."

In a separate order on June 21, 2023, the district court granted the defendants' motions to dismiss, finding that Otoh's action was "duplicative and vexatious."

Otoh timely appealed.

## II.    STANDARD OF REVIEW

"We review *de novo* whether a district court properly exercised removal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). We likewise review *de novo* a district court's denial of a motion to remand a case back to state court. *Blevins v. Aksut*, 849 F.3d 1016, 1018 (11th Cir. 2017).

## III.    DISCUSSION

### A.    Removal Based on Diversity Jurisdiction

A state-court defendant may remove a case to federal court "if the case could have been filed in federal court originally." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004); 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and all plaintiffs have diverse citizenship from all defendants. 28 U.S.C. § 1332(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

When a defendant removes a case to federal court on diversity grounds, the district court must remand the case back to the state court if the parties are not completely diverse. *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "A party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee*, 719 F.3d at 1241.

However, a failure to establish complete diversity in a notice of removal is a procedural defect that the defendant must be given

an opportunity to cure. *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296-97 (11th Cir. 2009) (reversing district court's *sua sponte* order remanding case because notice of removal failed to allege complete diversity). A district court should determine whether removal jurisdiction exists before addressing the merits of any other issue. *Univ. of S. Ala.*, 168 F.3d at 411.

## B.    Type of Trust for Purposes of Citizenship

To properly assess whether the removing defendants sufficiently alleged complete diversity in this case, we must first determine the nature of the VRMTG Trust.

An artificial entity other than a corporation generally has the citizenship of all its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). In *Americold*, the Supreme Court addressed the citizenship of a real estate investment trust organized under Maryland law. *Id.* at 382. Because Maryland law treated real estate investment trusts as separate legal entities that could sue and be sued, the Supreme Court determined that the trust was an unincorporated entity which possessed the citizenship of all of its members, rather than a "traditional trust." *Id.* at 383.

A "traditional trust," in contrast, is generally a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law. *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). Whether a trust is traditional depends on the law of the state where the trust is formed. *Id.* If state law confers "juridical person status" on a trust itself, it is not a "traditional trust." *Id.* (quotation marks omitted).

Applying *Americold*, this Court has stated that "[a] 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries." *Id.* That the entity is named a "trust" does not affect the analysis. *Americold*, 577 U.S. at 383.

Here, the VRMTG Trust was formed in Delaware. Therefore, we must turn to Delaware law to determine whether the VRMTG Trust is a "traditional trust" or an artificial entity other than a corporation. *See id.* at 382-83.

The parties agree that the VRMTG Trust is a Delaware statutory trust. *See* Delaware Department of State, Division of Corporations, File Number 6757776 (listing the VRMTG Trust as a statutory trust). Under Delaware law, a statutory trust is a separate legal entity. *See* 12 DEL. CODE ANN. §§ 3801(i), 3805. "A statutory trust may sue and be sued," and "may be sued for debts and other obligations or liabilities contracted or incurred by the trustees or other authorized persons." *Id.* § 3804(a). An owner of a beneficial interest in a statutory trust is "entitled to the same limitation of personal liability extended to stockholders of private corporations for profit." *Id.* §§ 3801(a), 3803(a).

Given the foregoing, the VRMTG Trust is not a "traditional trust" because Delaware confers juridical person status on the trust itself. *See Americold*, 577 U.S. at 383; 12 DEL. CODE ANN. §§ 3801(i), 3804(a), 3805; Delaware Department of State, Division of Corporations, File Number 6757776. While the notice of removal states that the U.S. Bank Trustee controls all litigation for the

VRMTG Trust, Delaware law provides that the VRMTG Trust may itself be haled into court. *See* 12 DEL. CODE ANN. § 3804(a).

The defendants point out that this Court recently affirmed the denial of a motion to remand in another removed state court action Otoh filed against some of the same defendants. In that appeal, this Court concluded, *inter alia*, that the notice of removal filed in that action "adequately stated that there was total diversity of the parties." *See Otoh v. Fed. Nat'l Mortg. Ass'n*, 2023 WL 4623614, at \*2 (11th Cir. July 19, 2023). In that case, however, Otoh sued the U.S. Bank Trustee, but not the VRMTG Trust itself. *See id.* at \*1. Therefore, neither the VRMTG Trust's citizenship, nor the type of trust it is, was at issue in that appeal.

## C.    Citizenship of the VRMTG Trust

Because the VRMTG Trust has juridical person status and is not a traditional trust, it does not hold the citizenship of its trustee. Instead, we must look to the citizenship of the VRMTG Trust's beneficiaries to determine its citizenship. *See Americold*, 577 U.S. at 382-83; *Alliant*, 924 F.3d at 1143. Here, however, the removing defendants failed to allege in their notice of removal the citizenship of VRMTG Trust's beneficiaries. Nor are the beneficiaries' citizenships evident from the record.

Where, as here, the notice of removal and other pleadings are inadequate for us to determine that diversity jurisdiction exists, the proper course is to vacate and remand to the district court to determine the citizenship of the parties. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir.

10                        Opinion of the Court                    23-12302

2004); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320-21 (11th Cir. 2001).

On appeal, the defendants defend the district court's denial of Otoh's motion to remand by arguing (incorrectly) that only the citizenship of the U.S. Bank Trustee as an active trustee "matters for purposes of diversity jurisdiction."[1]  However, the defendants alternatively ask this Court to remand for the district court to determine any necessary jurisdictional facts, which would include the VRMTG Trust's citizenship.  We note also that the defendants were not given an opportunity to respond to Otoh's motion to remand in the district court.  Accordingly, on remand, the district court shall afford the defendants the opportunity to respond to Otoh's motion to remand and raise any arguments in opposition,

---

[1] The defendants argue that *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980) is determinative here and mandates that the citizenship of the VRMTG Trust be that of its trustee—the U.S. Bank Trustee.  But that argument is foreclosed by *Americold*.  In *Americold*, the Supreme Court reiterated that:

> *Navarro* had nothing to do with the citizenship of a trust. Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. This rule coexists with our discussion above that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members.

*Americold*, 577 U.S. at 382-83 (alterations adopted) (quotation marks and citations omitted).  In other words, whether the U.S. Bank Trustee is the real party in interest is a separate question from what the citizenship of the VRMTG Trust is, and *Americold* makes clear that *Navarro* has no bearing on the latter question, which is the one raised is this appeal.

23-12302                Opinion of the Court                11

and, if necessary, to amend their notice of removal to establish complete diversity of citizenship. *See Artjen Complexus*, 561 F.3d at 1297.[2]

## IV.   CONCLUSION

Accordingly, we vacate the judgment of the district court, the district court's June 5, 2023 order denying plaintiff Otoh's motions for remand, and the district court's June 21, 2023 order granting the defendants' motions to dismiss. We remand for the district court to determine whether complete diversity of citizenship exists between the parties consistent with this opinion.[3]

**VACATED AND REMANDED.**

---

[2] Plaintiffs are "the master of the complaint" and are free to avoid federal jurisdiction if the method of avoidance is not fraudulent. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). The defendants state in passing that Otoh named the VRMTG Trust as a defendant to defeat diversity jurisdiction, but do not argue in this appeal that the VRMTG Trust was fraudulently joined. Therefore, we do not address fraudulent joinder. However, on remand, given our ruling above and the fact that in the district court the defendants did not have an opportunity to respond to Otoh's motion to remand, nothing herein precludes the defendants from raising that issue.

[3] Because we vacate and remand for a determination as to whether there is diversity jurisdiction, we express no opinion as to the merits of Otoh's complaint or the defendants' motions to dismiss.